UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
EUROPA MARITIME S.A.,

                 Plaintiff,

      -against-

MANGANESE TRANS ATLANTIC CORPORATION;
MANAGERS SYSTEMAR CO LTD; EMPIRE
CHEMICAL, LLC and PRIVAT INTERTRADING,

             Defendants.
---------------------------------------X



08 CIV 9523

08-Civ- 9523 (DAB)

VERIFIED
COMPLAINT

U.S.D.C. S.D.

      PLEASE TAKE NOTICE that Plaintiff, EUROPA MARITIME S.A. (Plaintiff or "EUROPA"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, MANGANESE TRANS ATLANTIC CORPORATION ("MTAC"); MANAGERS SYSTEMAR CO. LTD. ("MSCL"); EMPIRE CHEMICAL, LLC ("EMPIRE"); and PRIVAT INTERTRADING ("PRIVAT"), alleges, upon information and belief, as follows:

      1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

      2.   Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country, with a place of business in Monrovia, Liberia.

      3.   Defendant MTAC is a business entity organized and existing pursuant to the laws of a foreign country, with a place

of business located at Vanterpool Plaza, PO Box 873, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands.

4.   Defendant MSCL is a business entity organized and existing pursuant to the laws of a foreign country with a place of business in Odessa, Ukraine.

5.   Defendant EMPIRE is a business entity organized and existing pursuant to the laws of another state, with a place of business at 1308 Delaware Avenue, Wilmington, DE.

6.   Defendant PRIVAT INTERLENDING is a business entity organized and existing pursuant to the laws of a foreign country with a place of business in Ukraine.

7.   Upon information and belief, MSCL, EMPIRE and PRIVAT are wholly or partly owned subsidiaries of MTAC, or vice versa.

8.   Upon information and belief, MTAC uses MSCL, EMPIRE and PRIVAT as conduits to pay its debts and obligations and is otherwise an alter ego of MSCL, EMPIRE and PRIVAT, or vice versa.

9.   Upon information and belief, MSCL, EMPIRE and PRIVAT are shell corporations through which MTAC conducts business, and vice versa.

10.   Upon information and belief, MSCL, EMPIRE and PRIVAT have no separate, independent identities from MTAC, and vice versa.

11.   Upon information and belief, MSCL, EMPIRE and PRIVAT are alter-egos of MTAC, because MTAC dominates and disregards the

corporate form of MSCL, EMPIRE and PRIVAT to the extent that MTAC is actually carrying on the business and operations of MSCL, EMPIRE and PRIVAT, as if they were its own, or vice versa.

14.   Upon information and belief, MSCL, EMPIRE and PRIVAT act as paying agents, or receiving agents, or arrange for other non-parties to satisfy the debts and obligations of MTAC and/or receive payments being made to MTAC, or vice versa.

12.   Plaintiff, as disponent owner, and Defendant MTAC, as charterer, entered into a voyage charter for shipment of 36,000 metric tons of manganese ore in bulk from Takoradi, Ghana to Odessa, Ukraine.

13.   The parties nominated the M/V MIRANDA ROSE ("vessel") to carry out the terms of the voyage charter.

14.   Defendant MTAC breached the voyage charter by, *inter alia*, failing to nominate a safe port/berth for loading of the cargo, and in failing to load the full quantity of cargo, as required by the voyage charter, resulting in dead freight and other damages.

15.   As a result of Defendant MTAC's breach, the M/V MIRANDA ROSE, suffered serious damage to its hull and other related structures, appurtenances, components, etc.

16.   As a result of Defendant MTAC's breach, Plaintiff was forced to conduct repairs to the vessel, as near as can now be estimated, in the amount of $250,000.00.

17.  As a result of Defendant MTAC's breach, Plaintiff was forced to take the vessel out of service, unable to continue its normal business activity, and has incurred approximately $414,000.00 in damages, costs and expenses due to the vessel's delay.

18.  Defendant MTAC further breached the voyage charter by failing to pay freight due to Plaintiff in the amount of $1,152,000.00.

19.  Plaintiff also seeks to assert its claim against Defendants MSCL, EMPIRE and PRIVAT on the basis of 'alter-ego' allegations made supra at ¶¶7-14.

20.  Presently, Plaintiff's claim against Defendants is for $1,816,000.00.

21.  As a result of Defendant's breach, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the voyage charter and at law.

22.  Plaintiff has placed Defendants on notice of its claim that Defendants have breached the referenced voyage charter.

23.  Despite Plaintiff's demand, Defendants have failed to pay the amounts due and owing to Plaintiff under the voyage charter and at law.

24.  Pursuant to the voyage charter, disputes are to be settled by arbitration in London, and Plaintiff has commenced

arbitration against Defendants, accordingly.

25.   This action is brought to obtain security in favor of Plaintiff, with respect to its claims against Defendants, and in aid of the London Arbitration proceedings.

26.   This action is further brought to obtain security for the additional sums which are recoverable, including Plaintiff's anticipated attorney and arbitrators' fees and costs in the London Arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

27.   As a result of Defendants' breach of the voyage charter, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal Claims | $1,816,000.00 |
| Interest for a period of 2 yrs at 8% | 302,182.40 |
| Attorneys' and Expert's Fees, Court Expenses | 200,000.00 |
| **Total** | **$2,318,182.40** |

28.   Plaintiff sues on its own behalf and as an agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

29.   All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

30.   Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for

Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Bank of China and/or UBS, which are believed to be due and owing to Plaintiff.

31.   For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks an order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the

aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Bank of China, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$2,318,182.40** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

File No. 67/3694/B/08/10        - 7 -

C.    That  the  Court  retain  jurisdiction  over  this  matter through  the  entry  of  any  judgment  or  award  associated  with  any  of the  claims  currently  pending,  or  which  may  be  initiated  in  the future,  including  any  appeals  thereof.

D.    That  Plaintiff  have  such  other  and  further  relief  as this  Honorable  Court  may  deem  just  and  proper.

Dated:    New York, New York
          November 5, 2008

                              Respectfully submitted,
                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff
                              EUROPA MARITIME S.A.

          By:     _____
                  Edward A. Keane
                  11 Hanover Square, Tenth Floor
                  New York, NY 10005
                  Tel (212) 385-1422
                  File No. 67/3700/B/08/10

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK   :

     1.   My name is Edward A. Keane.

     2.   I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

     3.   I am the attorney for Plaintiff, EUROPA MARITIME S.A. ("EUROPA") and I am fully authorized to make this Verification on their behalf.

     4.   I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

     5.   The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

     6.   The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         November 5, 2008

                                            Edward A. Keane