```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EUROPA MARITIME S.A.,

                        Plaintiff,          08-Civ-9523 (DAB)

        -against-
                                             AFFIDAVIT IN OPPOSITION
MANGANESE TRANS ATLANTIC CORPORATION;        OF ORDER TO SHOW CAUSE
MANAGERS SYSTEMAR CO LTD; EMPIRE
CHEMICAL, LLC and PRIVAT INTERTRADING,

                        Defendants.
------------------------------------X
STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :
```

JORGE A. RODRIGUEZ, being duly sworn, deposes and says:

1.  I am a member of the bar of this Honorable Court and an associate with the firm of Mahoney & Keane, LLP, attorneys for Plaintiff herein. I am familiar with the circumstances of the Complaint filed in this action and the underlying cause of action.

2.  I make this Affidavit in response to the Court's Order to Show Cause why the present action should not be dismissed, dated July 31, 2009.

3.  Plaintiff, as disponent owner, and Defendant, as charterer, entered into a charter agreement for the carriage of cargo on board the MV MIRANDA ROSE.

4.  Plaintiff commenced this action, pursuant to Rule B of the Admiralty Rules, seeking to obtain security for a claim against Defendants for breach of the charter agreement. Under the

terms of the referenced charter agreement, Plaintff's claim was to be litigated in the English High Court in London.

    5. The subject matter of this suit also concerns a claim by the head owners of the MV MIRANDA ROSE, who chartered said vessel to Plaintiffs. The head owners have initiated arbitration in London. The parties are presently arbitrating this claim.

    6. As these back-to-back charter agreements deal with essentially the same operative facts, Plaintiff's submissions to the High Court are dependent on claims asserted by head owners in the arbitration.

    7. Plaintiff has recently received head owner's arbitral submissions, and is in the process of preparing its own submissions to be served on Defendant.

    8. Additionally, Garnishee DEUTSCHE BANK is presently holding $723,039.95 in funds belonging to Defendants.

    9. As this is a Rule B action, solely for the purpose of obtaining security, and as the underlying proceeding are presently proceeding at their expected pace, there has been no lack of prosecution.

    10. We are constrained to await a result in the underlying proceedings before we can take any additional steps in this district.

    11. Plaintiff, thus, requests that this matter remain active, or alternatively, be placed in the suspense calendar,

pending resolution of the underlying proceedings.

    12. Plaintiff further requests that the restrained funds continue to remain under attachment until such time as the parties enter into a settlement agreement, or the Court issues a judgment in this case.

    WHEREFORE, Plaintiff prays that:

    (A) the Court allow this matter to remain in the Court's Docket; and

    (B) for any other and further relief as this Court deems just and proper.

_____
Jorge A. Rodriguez

SWORN TO BEFORE ME
ON THIS 7TH DAY OF AUGUST, 2009

_____
NOTARY PUBLIC

[Notary Stamp: GARTH S. WOLFSON, NOTARY PUBLIC, State of New York, Qualified in New York County, Term Expires 4/28/2011]

File No. 67/3694/B/08/10    - 3 -