Edward A. Keane*
Cornelius A. Mahoney•
Garth S. Wolfson•

Of Counsel
Stephen J. Murray+

•Also admitted in NJ
+Also admitted in CT

# MAHONEY & KEANE, LLP
*Attorneys at Law*
*11 Hanover Square - 10th Floor*
*New York, New York 10005*
*Telephone (212) 385-1422*
*Facsimile (212) 385-1605*
*lawoffices@mahoneykeane.com*

Connecticut Office

14 Pilgrim Lane
Weston, CT 06883
Tel: (203) 222-1019
Fax: (203) 222-0252

April 25, 2012

**VIA ECF**

Hon. Deborah A. Batts
United States District Judge
United States District Court
500 Pearl Street, Room 2510
New York, New York 10007

Re: **Case No. 08 Civ. 9523 (DAB)**
EUROPA MARITIME, S.A. v. MANGANESE TRANS ATLANTIC CORP., *et al.*
**Our File No. 12/3700**

Honorable Madam,

We represent the plaintiff in the above-referenced action and write in compliance with the Court's Order dated April 19, 2012 directing us to provide a letter detailing the status of the underlying arbitration. Accordingly, we enclose a true copy of yesterday's correspondence from Messr's Winter Scott, plaintiff's solicitors, outlining exactly where the London proceedings now stand.

The Court will note that, the complexities of the particular circumstances involved notwithstanding, the arbitration is progressing apace, and other avenues are also actively being explored toward the goal of ultimately achieving a global resolution of this dispute. Frankly, however, plaintiff is especially hopeful that that the defendant will finally cease focusing its efforts on avoiding its security agreement and, if the case can not settle, now hasten its fuller participation in the expeditious determination the merits in London.

**MAHONEY and KEANE**

We thank the Court for its consideration.

> Respectfully submitted,
>
> MAHONEY & KEANE, LLP
>
> By: _____
> Garth S. Wolfson



# Winter Scott
### Solicitors

St Olave's House
Ironmonger Lane
London EC2V 8EY
Telephone: + 44 (0)20 7367 8989
Fax: + 44 (0)20 7726 2371
E-mail: firstinitialsurname@winterscott.co.uk

Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, New York 10005
United States of America

For the kind attention of Garth S. Wolfson Esq.

Dear Sirs,

**Re:** **In the matter of the Arbitration Act 1996 and in the matter of an arbitration between:**
**Miranda Rose Ltd -and- Europa Maritime SA**

**and**

**In the High Court of Justice, Queen's Bench Division, Commercial Court**
**Claim No. 2009 Folio 1104**
**Europa Maritime SA v. Manganese Trans Atlantic Corporation**

**"MIRANDA ROSE"**

We refer to our previous correspondence. We understand that Her Honour Judge Batts has ordered that Europa Maritime SA provide a letter to the United States District Court, Southern District of New York, detailing the status of the proceedings underlying the proceedings in New York. We trust that this letter will suffice for the purposes of Her Honour's order but remain at your and Her Honour's disposal should further exposition be required.

We are the London solicitor's firm instructed by Europa Maritime SA ("EMSA") in respect of the dispute that has arisen between the registered owners of the vessel MIRANDA ROSE ("Head Owners") and EMSA as Charterers pursuant to a time Charterparty ("the Head Charterparty")(the terms of which remain confidential save as set out herein) and between EMSA as disponent owners and the Defendants in the New York proceedings, Manganese Trans Atlantic Corporation ("MTA") pursuant to a time Charterparty also dated 6th October 2008 ("the Sub Charterparty"). It is EMSA's position that, save for certain terms (which,

Winter Scott LLP is a limited liability partnership registered in England & Wales under number OC356761, whose registered office is as above. It is authorised and regulated by the Solicitors Regulation Authority. Partners are members of the LLP.

Partners: Glenn Winter  Ken Scott  Michael Ellis  Damian Wilkes  Tim Houghton  James King  Graeme Lloyd Angus Jamieson
Associates: Paul Haworth  Christopher Wood

VAT No GB 819417416

EMSA say, are immaterial for the purposes of determining the substantive dispute between the parties), the two Charterparties were concluded on materially "back-to-back" terms.

The key differences between the Head and Sub Charterparties were the provisions contained in each contract concerning dispute resolution. The Head Charterparty provided that disputes arising under that Charterparty were to be governed by English law and be referred to arbitration in London. The Sub Charterparty contained a choice of law clause also in favour of English law but a jurisdiction clause giving the High Court in London jurisdiction over all claims arising under the Sub Charterparty.

The Progress of Proceedings

As set out above, EMSA are "in the middle" of a Charterparty chain. In the circumstances it has been EMSA's position that their claims and defences fall to be determined exclusively by reference to the position taken by the parties above and below them in that chain respectively. We understand that Her Honour requires information regarding the proceedings between EMSA and MTA under the Sub Charterparty and upon which the New York Proceedings are founded. However, these proceedings are inextricably linked to the proceedings under the Head Charterparty (for the reasons given immediately above) and therefore we trust that Her Honour will not object to some reference being made to the Head Charterparty proceedings in so far as it is relevant. We do wish to emphasise however that EMSA remain bound by the confidentiality of those proceedings and therefore, with the greatest of respect to Her Honour and the Court, some details cannot be disclosed at this stage.

In response to Head Owners commencing arbitration proceedings against EMSA, EMSA issued a claim form in the English High Court in respect of the claims brought against EMSA by Head Owners on 13th August 2009.

MTA acknowledged service of the claim form on 22nd October 2009 through their London solicitors, Field Fisher Waterhouse LLP.

MTA's Defence was served in response to the matters set out in EMSA's claim form and particulars of claim (the contents of which were determined by Head Owners' claim submissions in the London arbitration) on 14th December 2009.

MTA's Defence was then passed to Head Owners as EMSA's defence submission in the arbitration proceedings. Upon receiving Head Owners' reply submissions, EMSA filed their Reply in the High Court proceedings (the contents of which had, again, been determined by Head Owners' position) on 25th March 2010.

Also on 25th March 2010, EMSA provided responses to a formal Request for Further Information made by MTA in respect of the Particulars of Claim. Again, EMSA's responses were determined by Head Owners' answers to identical requests put forward in the arbitration proceedings.

A Case Management Conference was held in the Sub-Charterparty proceedings before Mr. Justice Burton on 25th June 2010. At that conference, His Lordship made various orders concerning the progress of the High Court proceedings. During that hearing however Counsel on behalf of EMSA advised that EMSA had invited MTA to agree to the High Court proceedings being transferred to arbitration so that the procedural aspects of this matter could be dealt with more sensibly. Although this approach commended itself to His Lordship (who was very much in favour of this approach) MTA have failed to agree to this suggestion despite continued requests from us that they do so prior to and subsequent to the case management conference.

One of the issues that was dealt with at the case management conference was the availability of witness and expert evidence. As Her Honour will readily appreciate, evidence and witness statements obtained in arbitrations are not available for use by the recipient party in other proceedings without either the consent of the party producing that evidence (in this case Head Owners) or the permission of the Court. The Court granted that permission on the basis that EMSA would also be permitted to rely on the evidence produced by MTA in the arbitration proceedings. The Court also ordered that the High Court trial would be listed for no less than 8 weeks after the final award in the arbitration proceedings. This was, in our respectful submission, an entirely appropriate order for the Court to make in that if the claim against EMSA in the Head Charterparty arbitration proceedings failed, there would be no claim to pass on to MTA (given the nature of EMSA's claim against MTA being an indemnity in respect of liability to Head Owners or damages in like amount).

In this context, EMSA's ability to progress either set of proceedings is almost entirely dictated by the approach adopted by either party above or below them in the chain. In particular, the progress of proceedings is determined in large part by the steps taken by Head Owners (who are represented by London solicitors Holman Fenwick Willan LLP) in the arbitration proceedings. Since the High Court case management conference, we have received messages from Head Owners' lawyers suggesting that they had been working on their Clients' witness statements and would be in a position to exchange witness evidence shortly. These messages were contained in other "without prejudice" correspondence (which we are not at liberty to produce to Her Honour) however these messages were passed to MTA. Although without prejudice correspondence has been exchanged between the parties (the contents of which we are naturally not able to disclose), no substantive response concerning exchange of witness statements has been received from MTA.

The most recent message from Head Owners was however sent on an "open" basis on 5th April 2011 advising that Head Owners' witness statements would be available in the "near future" and asking EMSA to confirm when they would be ready to exchange.

As mentioned above, EMSA will be relying on the witness statements provided by MTA and in the circumstances we have again approached MTA's lawyers asking when they will be in a position to provide their witness statements. No substantive response has yet been received from MTA or their lawyers (although we understand that Mr. Simon Moore, the partner with the conduct of this matter at Field Fisher Waterhouse LLP is out of the office until 30th April 2012).

In the circumstances, we would respectfully submit that EMSA have progressed these matters as best they are able given the restrictions placed upon them by their position in the Charterparty chain, the back-to-back nature of the claims and MTA's failure to agree to a stay of the High Court proceedings in favour of arbitration. As we understand the position, Head Owners do now intend to progress the formal arbitration proceedings and therefore EMSA will be in a position to do so against MTA once MTA respond to EMSA's request for agreement on a timetable to exchange witness statements.

We trust that this provides sufficient explanation to Her Honour concerning the progress of the underlying claims in this matter however should Her Honour have any queries we are naturally at Her Honour's disposal.

Yours faithfully,

Christopher Wood
**Barrister**
**Winter Scott LLP**